IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JOSHUA WHISNEANT (9) | CRIMINAL NO.1:20-CR-00055-TH |

### REPORT AND RECOMMENDATION DENYING
### DEFENDANT'S MOTION TO DISMISS

This case is assigned to the Honorable Thad Heartfield, United States District Judge, and is referred to the undersigned for pretrial management. Pending before the court is Defendant Joshua Whisneant's ("Whisneant") *Motion to Dismiss*. Doc. No. 124. In September of 2019, Whisneant entered a guilty plea pursuant to a plea agreement with the government in Cause No. 1:19-CR-86 ("the Silencer Case"). The government agreed not to bring further charges against Whisneant "based upon the conduct underlying and related to the defendant's plea of guilty." Whisneant now moves to dismiss this indictment. He contends that the government breached the plea agreement because the current charges underlie and relate to his conduct in the Silencer Case. Under Fifth Circuit precedent, however, the current drug charges do not underlie and relate to Whisneant's guilty plea. Whisneant has not carried his burden of proving by a preponderance of the evidence that the government breached the plea agreement. Therefore, Whisneant's motion to dismiss should be denied.

### I.   Background

On or about March 26, 2019, Whisneant sold a homemade silencer that was not registered in the National Firearm Registration and Transfer Record to a confidential informant. On May 15, agents executed a search warrant at Whisneant's residence. They seized firearms, silencers,

ammunition, and narcotics. Among the narcotics seized were approximately 3,175 grams of 1,4 butanediol, a controlled substance analogue of gamma hydroxybutyric acid ("GHB" or "the date rape drug"). An additional 20,411 grams of butanediol were discovered at Whisneant's residence on May 16 (the day after the search) and turned over to the authorities. On June 5, the government indicted Whisneant in Cause No. 1:19-CR-86 in the Beaumont Division of the Eastern District of Texas ("the Silencer Case"). He was charged with four counts: (1) transfer of an unregistered firearm (a silencer) in violation of the National Firearms Act ("NFA"); (2) possession of unregistered firearms (more homemade silencers) in violation of the NFA; (3) possession with the intent to distribute a controlled substance (methamphetamine); and (4) possession of a firearm in furtherance of a drug trafficking crime. Notably, the indictment in the Silencer Case did not mention butanediol.

On September 10, 2019, Whisneant pled guilty to count one pursuant to a Rule 11(c)(1)(C) plea agreement. In relevant part, the plea agreement stated:

> 7. GOVERNMENT'S AGREEMENT: The United States Attorney for the Eastern District of Texas agrees not to prosecute the defendant for any additional non-tax related criminal charges *based upon the conduct underlying and related to the defendant's plea of guilty*. After sentencing, the government will dismiss any remaining criminal charges against this defendant.

Def.'s Mot. Dismiss Ex. C at 6 (emphasis added). Moreover, the signed factual basis supporting the plea agreement did not mention butanediol. *See generally* Government's Resp. Ex. A.

On June 3, 2020, the government indicted Whisneant in this action. He was charged in Count 4 only: possession with the intent to distribute and distribution of a controlled substance analogue (1,4 butanediol) for human consumption. On October 28, 2020, Whisneant filed his motion to dismiss the indictment for the government's alleged breach of the plea agreement. Doc. No. 124. On February 23, 2021, the undersigned held a hearing on the motion.

## II. Standard

"If a defendant pleads guilty as part of a plea agreement, the Government must strictly adhere to the terms and conditions of its promises in the agreement." *United States v. Elashyi*, 554 F.3d 480, 501 (5th Cir. 2008) (quoting *United States v. Munoz*, 408 F.3d 222, 226 (5th Cir. 2005)). "[W]hen a guilty plea 'rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled.'" *United States v. Valencia*, 985 F.2d 758, 761 (5th Cir. 1993) (quoting *Santobello v. New York*, 404 U.S. 257, 262 (1971)). The defendant bears the burden of proving by a preponderance of the evidence that the government breached a plea agreement. *United States v. Lewis*, 476 F.3d 369, 387 (5th Cir. 2007). To assess a claim of breach, the court "considers whether the government's conduct is consistent with the defendant's reasonable understanding of the agreement." *Elashyi*, 554 F.3d at 501 (internal quotations and citation omitted).

## III. Analysis

The parties' dispute is a legal one: Are the current charges against Whisneant based on the conduct underlying and related to his guilty plea in the Silencer Case? Fortunately, the Fifth Circuit Court of Appeals has ruled on essentially the same question in *United States v. McClure*, 854 F.3d 789 (5th Cir. 2017). There, the defendant conspired with a city marshal to steal drugs from an evidence room and sell them. *McClure*, 854 F.3d at 790. To cover their tracks, McClure and the marshal staged a burglary of the evidence room. *Id.* They stole drugs and firearms, but they dumped those firearms into a creek. *Id.* During the FBI's investigation into the burglary, a third coconspirator informed authorities that McClure—a convicted felon—had a stocked gun cabinet in his home. *Id.* at 791. Agents executed a search warrant on McClure's home and found firearms in his cabinet, as well as electronic devices supposedly related to the conspiracy. *Id.*

McClure pled guilty to a single count of being a felon in possession of a firearm in the Lufkin Division of the Eastern District of Texas ("the Lufkin Gun Case"). *Id.* McClure's plea agreement contained language identical to the pertinent language here: the government agreed "not to prosecute the defendant for any additional non-tax-related charges based upon the conduct underlying and related to the defendant's plea of guilty." *Id.* When the Assistant United States Attorneys ("AUSAs") for the Tyler Division of the Eastern District of Texas subsequently indicted McClure for conspiring to sell the stolen drugs, McClure moved to dismiss. *Id.* at 792. McClure argued that the government breached the plea agreement because the subsequent charges were "underlying and related to" his guilty plea in the Lufkin Gun Case. *See id.* After all, the FBI learned about the gun cabinet while investigating the conspiracy, and the agents seized the firearms in the cabinet during the same search for burglary-related evidence. *Id.* at 791.

After holding a hearing, however, the district court denied the motion to dismiss, concluding that the charged conduct was unrelated to the conduct underlying the guilty plea. *United States v. McClure*, No. 6:13-CR-83, 2015 WL 632152, at *6-7 (E.D. Tex. Feb. 12, 2015) (Schneider, J.). The Fifth Circuit affirmed. 854 F.3d at 797. First, the Circuit Court agreed with the District Judge's construction of the "unambiguous" language in the plea agreement. *Id.* at 793-94. Next, the Court concluded that the government does not breach such a plea agreement where the current charges involve different geographical locations, time frames, statutory offenses, and/or coconspirators from the conduct underlying the guilty plea. *Id.* at 794. "In other cases where the Government has brought additional charges against a defendant based on conduct that was both temporally and geographically distinct and involved different statutory violations and co-conspirators, [the Fifth Circuit has] found no breach of the plea agreement." *Id.*

4

Here, Whisneant raises the same argument as McClure. Whisneant contends that his plea agreement bars the current prosecution because he already pled guilty to conduct underlying and related to the current charges. Def.'s Mem. Supp. Mot. Dismiss at 4, Doc. No. 124. Under *McClure*, the court considers whether the conduct underlying the guilty plea and the conduct alleged in the current indictment (1) occurred at a different time and place; (2) involved different statutory violations; and (3) involved different coconspirators. *See* 854 F.3d at 794.

1. **Time and Place**

In both the Silencer Case and this case, the alleged criminal conduct occurred in the same geographical location. The silencer sale took place under a carport attached to Whisneant's residence. Likewise, the containers of butanediol were found at Whisneant's home. The timing of the offenses, however, is different. The silencer sale occurred on March 26, 2019. Some butanediol was discovered on May 15 when law enforcement executed the search and arrest warrant. An additional five gallons of butanediol was discovered at Whisneant's address the day following the search. In other words, the offenses are temporally distinct because Whisneant did not possess most, if not all of the butanediol he is charged with possessing until well after the silencer transfer had occurred. *Cf. United States v. Bevill*, 611 F. App'x 180, 181-83 (5th Cir. 2015) ("[A]lthough the offenses alleged in the 2011 indictment involved a similar scheme to that alleged in the 2010 information, the fraudulent acts occurred at different times and involved different victims."). Despite the geographical similarity, the charged offenses are temporally distinct.

2. **Statutory Violations**

In the Silencer Case, Whisneant pled guilty only to count one, transfer of a firearm (unregistered silencer) in violation of the NFA. *See* 26 U.S.C. §§ 5812, 5861(e), 5871. The factual basis of Whisneant's plea in the Silencer Case described how he assembled and sold an

5

unregistered suppressor to a confidential informant. *See* Government's Resp. Ex. A at 2. The factual basis never mentioned butanediol. *See generally id.* Further, Whisneant has never put forth evidence suggesting that the butanediol was in any way related to the suppressor sale. Therefore, selling the unregistered suppressor was the conduct underlying and related to his guilty plea. Possessing butanediol two months later with the intent to distribute it is entirely different conduct, which is criminalized in a different statute—the Controlled Substances Act. *See* 21 U.S.C. §§ 813, 841(a)(1), 841(b)(1)(C).

Even though the previous indictment charged Whisneant with drug offenses involving methamphetamine, (1) he was not charged with possession of butanediol; (2) he did not plead guilty to the methamphetamine counts; and (3) even if he had, it is not clear that a prior conviction for methamphetamine would have barred a subsequent prosecution for butanediol. *See United States v. Ramirez*, 555 F. App'x 315, 318 (5th Cir. 2014) ("Given the different time frames, co-defendants, controlled substances, and general locations of the two offenses, it would not be reasonable for [the defendant] to believe that his plea agreement in the methamphetamine case barred his prosecution for the instant cocaine offense."). Transferring an unregistered silencer and possessing a controlled substance analogue with the intent to distribute it are distinct statutory offenses involving fundamentally different conduct. This factor strongly militates against finding a breach of the plea agreement.

### 3. Coconspirators

The Silencer Case did not involve any coconspirators because Whisneant completed the actus reus of selling an unregistered silencer to a confidential informant. Although the other Defendants here face conspiracy counts, Whisneant is not charged with those counts. *See* Doc. No. 2 at 1-3. Whisneant is only charged with possession with the intent to distribute and distribution

of a controlled substance analogue. *See id.* at 4. Neither indictment ever alleged that Whisneant participated in any conspiracy. As such, this factor neither helps nor hurts Whisneant.

**4.  Additional Considerations**

This case has more similarities with *McClure* that weigh in favor of reaching the same outcome. In that case, "the indictment in the Lufkin Gun Case never mention[ed] the drug trafficking conspiracy." *McClure*, 854 F.3d at 795. Similarly, the indictment in the Silencer Case never mentioned butanediol. Neither did the factual basis supporting Whisneant's plea agreement.[1] Whisneant cannot reasonably expect to avoid the butanediol charge if butanediol was never mentioned as part of his agreement with the government. *See Elashyi*, 554 F.3d at 501 ("defendant's reasonable understanding of the agreement").

In *McClure*, "the [district] court asked McClure whether there was any other agreement or promise from the Government that was not set out in the Plea Agreement itself. McClure responded that there was not." *McClure*, 854 F.3d at 797. Here too, the undersigned asked Whisneant during his plea hearing, "Does the plea agreement represent in its entirety all the agreements you have with the government?" Hr'g Audio at 2:51:35 p.m., *United States v. Whisneant*, No. 1:19-CR-86 (E.D. Tex. Sept. 10, 2019). Whisneant responded in the affirmative. *Id*. The undersigned also asked, "Has anybody made any promise or assurance to you, that's not in the plea agreement, to get you to plead guilty or accept the plea agreement?" *Id*. Whisneant responded, "They have not." *Id*. The undersigned "see[s] no reason here not to hold [Whisneant] at his word." *McClure*, 854 F.3d at 797.

---

[1] The Defendant has also provided a supplemental police report. Though it is unclear whether Whisneant or his counsel received the report before he pled guilty in the Silencer Case, the report states that "[t]he 1,4 Butanediol will be transferred to the custody of the DEA for analysis in furtherance of another criminal investigation." Def.'s Mot. Dismiss Ex. A at 3.

In *McClure*, defense counsel testified that she believed her client would not face further charges for the conspiracy to distribute the stolen drugs, and that she advised him accordingly. 854 F.3d at 796. But evidence to the contrary led both the district and appellate courts to find her testimony uncredible. *See id.* Here, Whisneant has no such testimony in his defense. In fact, at the hearing before the undersigned, AUSA Michelle Englade proffered that she had told Whisneant multiple times that the butanediol charge "was not going away." Hr'g Audio at 2:14:00 p.m., *United States v. Whisneant (9)*, No. 1:20-CR-55 (E.D. Tex. Feb. 23, 2021). If that is true, Whisneant certainly could not have reasonably believed at the time he entered his plea that he would avoid later prosecution for the butanediol.

On another note, McClure argued that the government breached his plea agreement because the two cases arose from the same investigation. *McClure*, 854 F.3d at 795. Similarly, Whisneant asserts that he reasonably expected to avoid the drug charge because the butanediol was seized at or around the same time the government seized his firearms. But "[t]his argument misses the point. The focus of the Government's promise not to bring any additional charges is on the *conduct* 'underlying and related to' [the defendant's] guilty plea, not on the Government's investigation of that conduct." *Id.* (emphasis in original). Again, selling an unregistered silencer is entirely different *conduct* from possessing a controlled substance analogue with the intent to distribute it.

Ultimately, Whisneant has not met his burden of proving by a preponderance of the evidence that the government breached the plea agreement. Having considered the parties' arguments, the applicable law, and the terms of the plea agreement, the undersigned recommends denying Whisneant's motion to dismiss the indictment.

## IV.     Recommendation

For the reasons stated above, Defendant Joshua Whisneant's *Motion to Dismiss* (Doc. No. 124) should be **DENIED**.

## V.     Objections

Pursuant to 28 U.S.C. § 636(b)(1)(C), each party to this action has the right to file objections to this Report and Recommendation. Objections to this Report must (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, (3) be served and filed within fourteen (14) days after being served with a copy of this Report, and (4) be no more than eight (8) pages in length. *See* 28 U.S.C. § 636(b)(1)(C); FED. R. CRIM. P. 59(b)(2); E.D. TEX. CRIM. R. CR-59(c). A party who objects to this Report is entitled to a *de novo* determination by the United States District Judge of those proposed findings and recommendations to which a specific objection is timely made. 28 U.S.C. § 636(b)(1)(C); FED. R. CRIM. P. 59(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this Report, within fourteen (14) days of being served with a copy of this Report, bars that party from: (1) entitlement to *de novo* review by the United States District Judge of the findings of fact and conclusions of law, and (2) appellate review, except on grounds of plain error, of any such findings of fact and conclusions of law accepted by the United States District Judge. *See Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 16th day of March, 2021.

_____
Zack Hawthorn
United States Magistrate Judge